## INDEPENDENT WORKERS OF CLAYTON MARK & CO. v. BEMAN.

## CLAYTON MARK & CO. v. SAME.

## COCHRELL et al. v. SAME.

### Nos. 15008–15010.

District Court, N. D. Illinois, E. D.
Feb. 22, 1936.

Ernest S. Ballard, of Chicago, Ill., for plaintiffs.

Harold Cranefield, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This is an application for a preliminary injunction. The court is of opinion that it has jurisdiction of the subject-matter and of the parties.

The application is based on a sworn bill and a separate affidavit of C. F. Anderson. The defendants have filed a motion to dismiss the bill and a "return" to the motion for a preliminary injunction, which is sworn to on "knowledge, information and belief." For the purpose of this hearing, the "return" may, for the most part, be disregarded.

The issues presented are highly controversial. Plaintiffs challenge the constitutional validity of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. Its validity is challenged upon several grounds. In support of the contention that the act is invalid, plaintiff's counsel has argued orally at length and has given the court a printed brief of 88 pages in support of his contentions. Counsel for defendants has strenuously contended that the act is constitutional.

In the view the court takes of the application, the court is not required, at this time, to express any view on the constitutionality of the act as applied to the case made by the bill. As stated, grave and delicate questions of constitutionality are raised. To determine these questions, as applied to the plaintiffs, the court must take the evidence of witnesses. The questions cannot be decided on a sworn bill and ex parte affidavits. The court therefore expresses no opinion as to whether or not the National Labor Relations Act is or is not a valid enactment.

The granting or refusing of a preliminary injunction pending final hearing is within the sound judicial discretion of the court. Grave and difficult questions of law are involved. The answer may disclose disputed issues of fact. Before a final decree is rendered, those questions, both of law and fact, must be decided. The court is of opinion, in view of the gravity and importance of the issues raised, that the existing status should be maintained until the case is finally decided. The injury to the plaintiffs will, in view of the case made by the bill, be certain and irreparable if the application for a preliminary injunction is denied, while, on the other hand, the granting of the preliminary injunction will not seriously damage and inconvenience the defendants.

In view of what has been stated, the court overrules defendant's motion to dismiss the several bills and rules the defendants to answer within thirty days.

A preliminary injunction may issue, without bond, as prayed for in the bill.

Counsel for plaintiff may tender an order for a preliminary injunction in conformity with 28 U.S.C.A. § 383, and with

such order tender a finding of facts and conclusions of law in conformity with Equity Rule 70½, 28 U.S.C.A. following section 723.